UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEYON PULLINS,

            Plaintiff,

v.                                                    Case No.:    5:25-cv-315-SPC-PRL

SHANNON D. WITHERS, *et al.*,

            Defendants.

_____/

## OPINION AND ORDER

Plaintiff Keyon Pullins, a federal inmate proceeding pro se, initiated this action by filing a civil rights complaint alleging deliberate indifference to his medical needs by prison staff, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. 1).  Pullins was previously granted leave to proceed *in forma pauperis*.  (Doc. 7).

## I.    PLAINTIFF'S COMPLAINT

Pullins asserts that while he was incarcerated at USP Coleman I, he was assigned to a second-floor cell, despite having medical conditions that restrict him to a lower bunk, first floor cell.  (Doc. 1 at 7).  He states that on the afternoon of November 29, 2023, he fell down the stairs "while experiencing a full blown seizure" that caused him to suffer serious injury to his head and back.  (*Id.*)  After this incident, Pullins contends he continued to be placed in

a second-floor cell, and his complaints to various prison staff requesting to be moved to a lower cell were ignored. (*Id.* at 7–8). Pullins sues the following staff members at USP Coleman I, all in their individual capacities: Warden Shannon Withers, Richard Li, M.D., medical provider Dr. George, Registered Nurse D. Navarro, counselor Mr. Padial, Nurse Practitioner Boodoo, and Registered Nurse L. Fuentes, asserting each was deliberately indifferent to his serious medical needs by ignoring his restriction to a first floor cell and lower bunk. (*Id.* at 2–4, 12–14).

Pullins also attaches several medical records from the day of his fall down the stairs, a history of his cell assignment, and a response to his administrative remedy appeal. (Doc. 1-1). Medical records from November 29, 2023, at 2:06 p.m. state he suffered a seizure and fell and hit his head while he "was in process of being moved from upstairs to down stair[s] . . . ." (*Id.* at 1). Later that day, he was seen by another medical provider, and the on-call doctor called and sent Pullins to a local hospital for evaluation. (*Id.* at 2). A document entitled Inmate History Quarters, dated March 27, 2025, lists Pullins's housing assignment from March 17, 2023, to present. (*Id.* at 3). A Medical Duty Status form, dated August 25, 2023, indicates that Pullins housing status was limited to a "lower bunk." (*Id.* at 4). However, the options for "cell on first floor," "single cell," and "airborne infection isolation" are not selected, and the expiration date is listed as February 26, 2024. (*Id.*)

A December 27, 2024 response to Pullins's administrative remedy appeal states that Pullins's medical restrictions are "cell on first floor, lower bunk, front cuff with chain and head protective gear due to seizure" which expire on April 8, 2025. (*Id.* at 5).

For relief, Pullins seeks compensatory and punitive damages. (*Id.* at 6).

## II.    LEGAL STANDARD

Pullins's Complaint is currently before the Court for screening pursuant to the Prison Litigation Reform Act, which directs the Court dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (screening that applies to prisoner cases seeking to proceed *in forma pauperis*). The Court must liberally construe a pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## III.    DISCUSSION

In order to state a *Bivens* claim against a federal official in their individual capacity, a plaintiff must allege that: (1) a federal official acting under color of federal law; (2) deprived him of a right secured by the United States Constitution. *Bivens*, 403 U.S. at 388.

To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry.  First, courts "ask whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action."  *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up).  Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* (quoting *Ziglar*, 582 U.S. at 136).

One of the cases that sets the bounds of *Bivens* is *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a *Bivens* action for deliberate indifference to serious medical needs under the Eighth Amendment.  In *Carlson*, an inmate named Joseph Jones, Jr. died in federal custody, and his estate brought a claim alleging federal prison officials were deliberately indifferent to his medical needs as an asthmatic inmate.[1]

---

[1] The Supreme Court summarized the allegations in *Carlson* as follows: More specifically, respondent alleged that petitioners, being fully apprised of the gross inadequacy of medical facilities and staff at the Federal Correction Center in Terre Haute, Ind., and of the seriousness of Jones' chronic asthmatic condition, nonetheless kept him in that facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and

Some courts have indeed found that slight factual differences are enough to create a new context. *See, e.g., Johnson v. Terry*, No. 1:18-cv-1899, 2023 WL 3215538 (N.D. Ga. Jan. 30, 2023), r*eport and recommendation adopted in part*, 2023 WL 3215366 (N.D. Ga. Mar. 22, 2023), *aff'd*, 119 F.4th 840 (11th Cir. 2024). Other courts note that this approach would virtually—or perhaps entirely—eliminate *Bivens* actions. And since *Egbert* did not overrule *Bivens* or *Carlson*, courts have allowed deliberate indifference claims to proceed post-*Egbert* even though the facts do not exactly match *Carlson*. *See Duncan v. United States*, No. 1:20-cv-1685, 2023 WL 2370479, at *4–6 (N.D. Ga. Feb. 27, 2023).

Here, the Court will assume without deciding that Pullins's claims are sufficiently analogous to *Carlson*. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

---

delayed for too long a time his transfer to an outside hospital. The complaint further alleges that Jones' death resulted from these acts and omissions, that petitioners were deliberately indifferent to Jones' serious medical needs, and that their indifference was in part attributable to racial prejudice.

*Carlson*, 446 U.S. at 16 n.1.

Fatal to Pullins's claims are the records he attaches to his complaint (Doc. 1-1), which the Court may consider.  *See* Fed. R. Civ. P. 10(c); *see also Solis–Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").  Beginning August 25, 2023, and expiring February 26, 2024, Pullins's only restriction as to his cell assignment was a lower bunk. (Doc. 1-1 at 4).  At some point thereafter, Pullins's restrictions changed to a first floor, lower bunk.  (*Id*. at 5).  Pullins highlights periods where he was assigned to a second-floor cell between: April 5, 2023, and May 31, 2023; July 27, 2023, to November 29, 2023; and January 19, 2025, and February 5, 2025. (*Id*. at 3).  However, as for the assignment to second-floor cells in 2023, the records indicate that Pullins was not subject to such a restriction.  Thus, the Defendants could not have been deliberately indifferent to a restriction that was not in place.  Pullins, therefore, has not made sufficient allegations about Defendants' conduct to show they were deliberately indifferent to his serious medical needs.  Pullins fails to allege facts that show deliberate indifference to his serious medical need by any defendant.  And as for his assignment to a second-floor cell in 2025, Pullins's Complaint neither refers to the staff members involved in his transfer at that time nor alleges that he suffered any

injury when placed in a second-level cell; he thus has not met the causation prong.

None of Pullins's allegations suggest that any defendant had subjective knowledge of a serious medical need that, "if left unattended, [would pose] a substantial risk of serious harm" to him. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quoting in part *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The failure to appreciate the gravity of Pullins's medical condition by any defendant does not suggest deliberate indifference. *See Farmer*, 511 U.S. at 838 ("[T]he failure to alleviate a significant risk that [an official] should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment."). Pullins's allegations of deliberate indifference do not satisfy the stringent deliberate indifference standard. *See Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024) (en banc) ("[A] deliberate-indifference plaintiff must show that the defendant acted with 'subjective recklessness as used in the criminal law[.]'") (citation omitted). Thus, he fails to state a claim under *Bivens*.

## IV.  CONCLUSION

Because Pullins has failed to state a viable cause of action under *Bivens* against any of the named defendants in their individual capacity, the Complaint is dismissed without prejudice. If Pullins can cure the deficiencies addressed herein, he may file an amended complaint.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. If Pullins desires to proceed in this case, he must file an amended complaint on or before **September 19, 2025**.

   a. To amend his complaint, Pullins should completely fill out a new civil rights complaint. On the new form, Pullins must mark it as "Amended Complaint." The amended complaint must include all of Pullins's related claims in this action; it may not refer back to or incorporate the original complaint. Unrelated claims must be filed using a separate complaint form to initiate a new case with a new case number.

   b. The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

3. If Pullins does not timely file an amended complaint, this action will be dismissed for failure to state a claim, without further notice. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension.") (citation omitted).

4. The Clerk is directed to mail to Pullins, along with this Order, a copy of the standard civil rights complaint form for prisoners.

**DONE AND ORDERED** in Fort Myers, Florida on August 29, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  OCAP-2
Copies: Plaintiff